ADAM GORDON
Interim United States Attorney
MATTHEW J. SUTTON
Assistant United States Attorney
Illinois State Bar No. 6307129
United States Attorney's Office
880 Front Street. Room 6293
San Diego. California 92101-8893
Telephone: (619) 546-8941
Email: Matthew.Sutton@usdoj.gov

Attorneys for United States of America

FILED
JUN 2 4 2025
Clerk, U.S. District Court
Southern District of California
By MMG Deputy

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA.<br><br>v.<br><br>CHRISTOPHER ORTEGA-LOMELI (5),<br><br>Defendant. | Case No. 22-cr-02387-TWR<br><br>**PLEA AGREEMENT** |

It Is Hereby Agreed Between the United States of America. Through Its Counsel. Adam Gordon. Interim United States Attorney, and Matthew J. Sutton, Assistant United States Attorney. and Defendant CHRISTOPHER ORTEGA-LOMELI, with the advice and consent of Maria Fernanda Ezquerro, counsel for Defendant, as follows:

**I**

**THE PLEA**

Defendant agrees to plead guilty to Count 1 of the Indictment charging Defendant with Conspiracy to Launder Monetary Instruments, and to consent to the forfeiture allegations of the Indictment, which seeks forfeiture pursuant to Title 21, United States Code. Sections 853(a)(1), 853(a)(2), and Title 18, United States Code, Section 982(a)(1).

Defendant further agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. For any controlled substance seized in connection with this case, Defendant agrees that, following entry of Defendant's guilty plea, the Government may destroy the controlled

substance 30 days after the Government has provided Defendant with the laboratory analysis report. If Defendant believes that additional testing is needed, Defendant will arrange for and complete such testing within that 30-day period, unless that period is extended by joint written agreement or Court order, in which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

## II

## NATURE OF THE OFFENSE

### A. ELEMENTS EXPLAINED

Defendant understands that the offense to which Defendant is pleading guilty in **Count 1** has the following elements:

1. There was an agreement between two or more persons to conduct or attempt to conduct a financial transaction involving property that represented the proceeds of unlawful activity;
2. Defendant knew the agreement had an unlawful object or purpose;
3. Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose;
4. Defendant knew that the property represented the proceeds of unlawful activity;
5. Defendant acted with the intent to promote the carrying on of the unlawful activity, that is the felonious distribution of controlled substances; or
6. Defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, control of the proceeds of the unlawful activity, that is the felonious distribution of controlled substances.

As to the forfeiture allegations for **Count 1**. the Defendant understands that the Government would have to prove by a preponderance of the evidence that the property(ies) subject to forfeiture are all property. real and personal. involved in such offense and all property traceable to such property.

B. ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

**Count 1**

1. Beginning on a date unknown and continuing up to and including October 18, 2022, within the Southern District of California. and elsewhere. there was an agreement between Defendant and others to conduct or attempt to conduct a financial transaction involving property that represented the proceeds of unlawful activity;

2. Defendant knew the agreement had an unlawful object or purpose;

3. Defendant joined the agreement with the intent to further its unlawful object or purpose:

4. Defendant knew that the property represented the proceeds of unlawful activity;

5. Defendant acted with the intent to promote the carrying on of the unlawful activity, that is the felonious distribution of controlled substances:

6. For example. Defendant worked for a Mexico based drug trafficking and money laundering organization associated with the Sinaloa Cartel Defendant and his co-conspirators conducted multiple financial transactions involving proceeds of narcotics trafficking. specifically bulk cash from the sale of controlled substances. Defendant and his co-conspirators traveled throughout the United States to pick up these bulk cash drug proceeds. Defendant and his co-conspirators then arranged to drop off these drug proceeds with other individuals in order for the proceeds to be transmitted from

the United States to Mexico. In addition, Defendant and his co-conspirators opened U.S. bank accounts in order to receive deposits of these proceeds and then the Defendant and his co-conspirators made subsequent wire transfer of those funds to bank accounts in Mexico on behalf of the organization. In total, Defendant laundered more than $9,500,000 for the organization. Defendant acted with the intent to promote the carrying on of the unlawful activity, that is the felonious importation and distribution of controlled substances, on behalf of the organization. Defendant also acted with the intent to conceal the nature, location, source, ownership, control of these drug proceeds on behalf of the organization.

## III

## **PENALTIES**

The crime to which Defendant is pleading guilty in **Count 1** carries the following penalties:

A. a maximum of 20 years in prison;

B. a maximum $500,000 fine or twice the value of the property involved in the transaction, whichever is greater,

C. a mandatory special assessment of $100 per count.

D. a term of supervised release of not more than three years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

E. forfeiture of all property, real or personal, involved in such offense, or any property traceable to such property.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

VII

AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE

SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

VIII

APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

IX

SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any

recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations. Defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

### A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level. Specific Offense Characteristics, Adjustments, and Departures:

**Count 1**

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG § 2S1.1(a)(2)] | 8 |
| 2. | Value of the Laundered Funds [USSG § 2B1.1(b)(1)(K)] | +20 |
| 3. | Knowledge of Drug Proceeds [USSG § 2S1.1(b)(1)] | +6 |
| 4. | Conviction under § 1956 [§ 2S1.1(b)(2)(B)] | +2 |
| 5. | Sophisticated Means [§ 2S1.1(b)(3)] | +2 |
| 6. | Acceptance of Responsibility [§ 3E1.1] | -3 |

### B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following.

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the Government, the Court or probation officer; or
4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to Defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant be sentenced within the advisory guideline range recommended by the Government at sentencing after incorporating a variance under 18 U.S.C. § 3553(a) the equivalent of two levels under the Sentencing Guidelines. This recommendation is based on Defendant's early resolution and complete waiver of appeal. The Government may, in its discretion, recommend additional variance(s) under 18 U.S.C. § 3553(a) based on other relevant factors.

G. SPECIAL ASSESSMENT/FINE/FORFEITURE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. Fine

The parties have no agreement as to a fine and the Government may recommend that Defendant pay a monetary fine to be paid forthwith at the time of sentencing. The Government may also recommend an additional fine to cover the cost of imprisonment. supervised release or probation. pursuant to 18 U.S.C. § 3572(a)(6).

3. Forfeiture

The Defendant consents to the forfeiture allegations of the Indictment. The Defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case (including but not limited to all U.S. currency, vehicles, electronic devices and any other seized items from this case) which the Defendant agrees are subject to forfeiture to the United States pursuant to Title 21, United States Code. Sections 853(a)(1), 853(a)(2), 881. and Title 18, United States Code Section 982(a)(1). Defendant consents and agrees to the immediate entry of order(s) of forfeiture as the Government deems necessary. Defendant agrees that upon execution of this plea agreement the Defendant's interest(s) in any and all seized properties is terminated. Defendant waives all rights to receive notices of any and all forfeitures. Defendant agrees that by signing this plea agreement he/she is immediately withdrawing any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest. or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the

judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s). Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

H. SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that Defendant may collaterally attack the conviction or

sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

If at any time defendant files a notice of appeal, appeals or collaterally attacks the conviction or sentence in violation of this plea agreement, said violation shall be a material breach of this agreement as further defined below.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

XIII

CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ADAM GORDON
Interim United States Attorney

June 18, 2025
DATED

Matthew Sutton
MATTHEW J. SUTTON
Assistant U.S. Attorney

6/18/25
DATED

MARIA FERNANDA EZQUERRO
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

06/18/2025
DATED

CHRISTOPHER ORTEGA-LOMELI
Defendant